IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:13-CR-180-BO

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | O R D E R |
| ) | |
| REBECCA L. CAMERON ) | |
| ) | |
| _____ ) | |

This matter is before the Court on defendant's appeal of Magistrate Judge William Webb's decision denying defendant's motion to correct the revocation sentence [DE 31]. For the reasons stated herein, the Magistrate Judge's decision is AFFIRMED.

## BACKGROUND

On February 13, 2013, defendant pleaded guilty to driving while impaired (DWI), in violation of 18 U.S.C. § 13, assimilating N.C. Gen. Stat. § 20-138.1. Defendant received a sentence of one year of probation, community service, a $200 fine, and a $10 special assessment. On February 22, 2013, the magistrate court approved modification of the judgment to include drug aftercare, abstinence from alcohol, and mental health treatment. On June 12, 2013, the magistrate court held a hearing on a motion for revocation of defendant's probation. At the revocation hearing, the magistrate court found that defendant had violated the terms of her probation and revoked the term of probation. Defendant was sentence to sixty days in custody, followed by ten months of supervised release. Defendant filed a motion to correct sentence pursuant to Rule 35a of the Federal Rules of Criminal Procedure on June 13, 2013 [DE 29]. On June 18, 2013, the magistrate court denied plaintiff's motion. Plaintiff now appeals to this Court pursuant to Rule 4(b) of the Federal Rules of Appellate Procedure.

## DISCUSSION

The magistrate court relied on *United States v. Pierce*, 75 F.3d 173 (4th Cir. 1996) in making its determination that its sentence of sixty days imprisonment and ten months of supervised release was proper. In *Pierce*, the Fourth Circuit determined that supervised release may be imposed for a North Carolina level five DWI offense under the Assimilative Crimes Act ("ACA"). *Id.* at 177, 177 n.1. The Fourth Circuit also determined that limiting the total sentence that may be imposed (the term of incarceration plus supervised release) to the maximum term of imprisonment permitted by state law would conflict with federal sentencing policy. *Id.* at 178. Therefore the total sentence (a term of incarceration followed by supervised release) may exceed the maximum term of incarceration provided for by state law. *Id.*

Defendant was sentenced to sixty days incarceration followed by ten months of supervised release. The sixty day imprisonment imposed by the magistrate court does not exceed the maximum term of incarceration provided for by state law. N.C. Gen. Stat. § 20-179(k). The imposition of a term of supervised release in addition to this may exceed the maximum term of incarceration of sixty days provided for by state law. Accordingly, the decision of the magistrate court is affirmed.

## CONCLUSION

For the foregoing reasons, the decision of the magistrate court is AFFIRMED.

SO ORDERED, this __23__ day of September, 2013.

Terrence Boyle
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE